**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 2, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00680-CV

---

### IN RE KIMBERLY DIANE PUCKETT SOLLEY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**312th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-01569**

---

## MEMORANDUM OPINION

On July 25, 2012, relator Kimberly Diane Puckett Solley filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable David Farr, presiding judge of the 312th District Court of Harris County to set aside that portion of the temporary orders in the underlying suit affecting the parent-child relationship signed June 25, 2012, granting the Texas Department of Protective and Protective Services the right "to direct the moral and religious training of the child."

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). It is relator's burden to provide a record sufficient to establish her right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex .1992).

The portion of the June 25, 2012 order about which relator complains is expressly authorized by Texas Family Code Section 153.371. In addition, relator was granted the "the right to direct the moral and religious training of the child" during her periods of possession of the child. *See* Tex. Fam. Code § 153.074. After our review of relator's petition, we conclude that relator has not established her entitlement to the extraordinary relief of a writ of mandamus.

Accordingly, we deny relator's petition for writ of mandamus

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.